**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**


**CIVIL ACTION NO: 5:10-cv-336-GFVT-CJS**

**GERALD R. SMITH**                                                    **PETITIONER**


**v.**                                 **REPORT AND RECOMMENDATION**


**LARRY COVINGTON**                                                **RESPONDENT**


\* \* \* \* \* \* \* \* \* \* \* \*

On September 21, 2010, Petitioner Gerald R. Smith filed a purported Petition for Writ of

Habeas Corpus (R.1),[1] as well as an Application to Proceed In Forma Pauperis (IFP) (R. 2). This

matter is before the Court on Petitioner's failure to file the required forms as ordered by the Court

on December 8, 2010. (R. 3). For the reasons set forth below, it is recommended that this Petition

for Writ of Habeas Corpus (R. 1) and the Application to Proceed IFP (R. 2) be **denied without**

**prejudice**.

**I.      Procedural History**

Upon filing of the Petition and Application, an initial review of both documents was

conducted; several deficiencies were noted. As a result, an order was entered on December 8, 2010

(R. 3) ("Deficiency Order") detailing the inadequacies of both filings and ordering corrections to be

---

[1]Although Petitioner's habeas corpus petition cited 28 U.S.C. § 2241, the Clerk properly docketed
it as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 because the complaint related to the
validity of the underlying conviction.

1

filed within thirty days. The Petition as filed did not comply with Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254 because the submission did not substantially conform to the standard form. Further, the filing did not provide the relevant information regarding the underlying conviction, which was required to ensure that the Petition was properly before the Court. In the initial form as filed, it cannot be determined whether Petitioner exhausted all state remedies, which is required before federal habeas review occurs. Therefore, the Court ordered that an AO Form 241 be sent to Petitioner and that he file the completed form.

The December 8, 2010, Order further informed Petitioner that he had failed to properly complete the Application to Proceed IFP because he did not answer all of the questions on AO Form 240. Therefore, the Court ordered Petitioner to either pay the $5 filing fee or file a completed AO Form 240 and a completed EDKY Form 523, Certificate of Inmate Account. The Deficiency Order expressly notified Petitioner that failing to submit the required financial forms or to pay the required filing fee within thirty days would result in the Court presuming him not to be a pauper, thereby requiring a recommendation to the District Court that his case be dismissed for want of prosecution. The Court further emphasized that under such circumstances of dismissal, his case would not be restored to the District Court's docket despite the subsequent payment of the filing fee.

The record reflects the Clerk mailed the Deficiency Order to Petitioner's record address; however, on December 16, 2010, that mailing was returned as undeliverable. (*See* R. 4). The Clerk then mailed the Deficiency Order to the return address listed on the envelope of the original Petition. (*See* R. 1-9). This address is for an apartment in Wichita Falls, Texas. This address is also the address reflected on more recent filings by Petitioner in a related civil case also pending in the Eastern District of Kentucky, *see Smith v. Parker, et al.,* No. 5:10-cv-318-JBC (R. 20, January 3,

2011, response to court order requiring updated contact information; R. 23-2, envelope from January 31, 2011, tendered sur-reply filing). While this Wichita Falls address was believed to be Petitioner's current address, this information was sought out by the Court Clerk, because Petitioner has not filed a notice of change of address in this action, as is required by Rule 5.2(d) of the Court's Joint Local Rules of Civil Practice. This remailing by the Clerk to the Wichita Falls address was also returned as undeliverable. Thus, as of this date, Petitioner has not complied with the Court's Deficiency Order, nor has he filed a change of address or any other filing in this case since his initial Petition.

## II. Analysis

In situations where a party fails to comply with a court's order or otherwise affirmatively advance a case, the court possesses the authority to dismiss the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (noting that dismissal of claims for failure to prosecute is a tool available to the district court to manage its docket and to avoid unnecessary burdens on the court and opposing parties and approving of dismissal after certain plaintiffs therein failed to respond to a court order requiring filing status information). This Civil Rule is equally applicable to cases involving habeas petitions. *See* Rule 12 of the Rules Governing Habeas Corpus Cases Under Section 2254 (noting that "[t]he Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules"). The factors to consider prior to issuing a Civil Rule 41(b) dismissal are whether: (1) the failure to cooperate was willful or in bad faith; (2) the opposing party was prejudiced; (3) the party was warned of the sanction; and (4) less severe sanctions were considered. *Id*.

In this case, the relevant factors weigh in favor of dismissing the Petition. First, Petitioner's lack of compliance with the Court's Order or communication otherwise evidencing his intention to move forward with the litigation he appears willful, given that Petitioner was provided the requisite forms and ordered to file specific information. Furthermore, Petitioner was explicitly warned that failure to provide the requested financial information would result in his case being dismissed. Petitioner's failure to comply with the Court's Order has not prejudiced the Respondent in that he has not yet been ordered to respond; however, as a party to an unresolved open case pending on the Court's active docket, Respondent is prejudiced to the extent that Petitioner has not advanced his case or conveyed any interest or intention to do so.

Furthermore, because Petitioner has failed to pay the requisite filing fee or file a completed Application to Proceed IFP, the Petition has not been properly filed. Rule 3 of the Rules Governing Habeas Corpus Cases Under Section 2254 specifically requires that the petition be accompanied by either the applicable filing fee or a completed Application to Proceed IFP, along with the related materials. The leniency granted to pro se litigants has limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (concluding that dismissal of pro se complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion when ordered to do so by magistrate judge); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (recognizing that a pro se litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Petitioner has also failed to keep this Court informed of his current address, further demonstrating a lack of prosecution of his action and subjecting his case to dismissal by the Court. *E.g., White v. City of Grand Rapids,* 34 F. App'x 210, 211 (6th Cir. 2002). District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve

the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). Petitioner should not now be heard to complain about not receiving notice of the Court's actions in this case subsequent to his filing, because Petitioner did not notify of his current whereabouts. *See White,* 34 F. App'x at 211.

Petitioner is responsible for ensuring that all filing requirements are satisfied, advising the Court of any change of address from that provided in his initial filing, and pursuing his claims in a timely manner. Under the circumstances, it is reasonable and appropriate to conclude that Petitioner's failure to respond to the Court's Deficiency Order and failure to file a notice in this action of a change of address constitutes an abandonment of his claims. *See Shavers v. Hastings*, No. 7:06-CV-48-DLB, 2006 WL 1285405, at *1 (E.D. Ky. May 9, 2006) (construing Petitioners's noncompliance with the court's order to file additional information as to his financial status as abandonment of his claims and dismissing the pro se habeas petition).

## III.   Conclusion

Therefore, for the reasons discussed above, **IT IS RECOMMENDED** that:

(1)   Petitioner's § 2254 Petition for Writ of Habeas Corpus (R. 1) be **dismissed without prejudice** for failure to pay the filing fee and to prosecute;

(2)   Petitioner's Application to Proceed In Forma Pauperis (R. 2) be **denied**; and,

(3)   This matter be **stricken** from the active docket of the Court.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not

"specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

Dated this 14th day of March, 2011.



**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

G:\DATA\habeas petitions\2254 General\10-336 Smith-v-Covington R&R.wpd